IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROYLAND RICE, | ) | No. C 13-00175 EJD (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL |
| vs. | ) ) | |
| BRIAN LEWIS, et al., | ) ) | |
| Defendants. | ) ) ) | |

Plaintiff, a detainee in Alameda County, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983.[1] Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

---

[1] It seems Plaintiff is a federal detainee, thus he brings this case pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Named as Defendants are an Assistant United States Attorney, a United States Probation Officer and several federal judges in this district. Plaintiff asserts that the judges, prosecutor and probation department have conspired to detain him with respect to his pending supervised release violation. Plaintiff offers no explanation why all of these officials have engaged in this conspiracy. Court records indicate that in United States v. Rice, 01-cr-40123 PJH, a warrant was executed against plaintiff and a supervised release violation hearing is scheduled for February 20, 2013. As relief, Plaintiff seeks the indictment dismissed, the warrant quashed and monetary relief. This action will be dismissed as plaintiff's criminal proceeding is ongoing and all Defendants are immune.

A federal judge is absolutely immune from civil liability for acts performed in her judicial capacity and, unlike the judicial immunity available to state judges sued under § 1983, a federal judge's immunity is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief. See Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996); Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to actions under Bivens), cert. denied, 486 U.S. 1040 (1988). This is because if a federal judge violates a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals and for petitioning for extraordinary writs in

1  Title 28 of the United States Code. See id.

2  The Ninth Circuit has held that probation officers possess an absolute judicial immunity from damage suits under § 1983 for official functions bearing a close association to the judicial process. Demoran v. Witt, 781 F.2d 155, 156-58 (9th Cir. 1985). The prosecutor is absolutely immune from a suit for damages when he functions as an advocate in initiating a prosecution and presenting the government's case. Buckley v. Fitzsimmons, 509 U.S. 259, 272–73 (1993); Imbler v. Pachtman, 424 U.S. 409, 430–3 (1976). "For purposes of immunity, we have not distinguished actions brought under 42 U.S.C. § 1983 against state officials from Bivens actions brought against federal officials." Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 433 n. 5 (1993). There is no indication that the actions of the probation officer in this case were not associated with the judicial process and it is clear the prosecutor was presenting the government's case.

Moreover, to the extent Plaintiff seeks damages based on the actions of Defendants, his claim amounts to an attack on the validity of his underlying criminal proceedings, and as such, is not cognizable unless and until he can show that his conviction has already been invalidated. Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

The complaint will be dismissed as Plaintiff has failed to state a claim on which relief may be granted and this action is frivolous. This case will be dismissed with prejudice as it is clear that no amount of amendment will cure the deficiencies of the complaint. "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000); Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

///

///

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED without leave to amend for failure to state a claim on which relief may be granted and as frivilous.

DATED: 2/13/2013

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROYLAND RICE,

        Plaintiff,

  v.

BRIAN LEWIS, et al.,

        Defendants.

Case Number CV 13-00175 EJD (PR)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____2/14/213_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s)hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Royland Rice**
UEQ - 820
The Glenn E. Dyer Detention Facility
550 - 6th Street
Oakland, CA 94607

DATED: _____2/14/2013_____
                              Richard W. Wieking, Clerk
                        /s/ By: Elizabeth Garcia, Deputy Clerk